UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BAKERSFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>UMAIMA JAMALUDDIN, M.D.,<br><br>    Defendant. | Case No. 1:21-CV-00056-BAM |

**CONSENT DECREE**

**I.    INTRODUCTION**

1. This Consent Decree ("Agreement") resolves the above-captioned civil action brought by Plaintiff United States against Umaima Jamaluddin, M.D. ("Defendant"), under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181-12189.

2. The above-captioned lawsuit is based on a complaint filed with the United States Department of Justice against Dr. Jamaluddin, an obstetrician/gynecologist who owns a medical practice in Bakersfield, California. Complainant alleged that Defendant discriminated against her based on her disability in violation of Title III of the ADA. Specifically, Complainant alleged that Defendant's office refused to provide her with preventative care and a Pap smear because Complainant has human immunodeficiency virus (HIV).

3. Complainant is a person with a disability because she has HIV, a physical impairment that substantially limits one or more major life activities, including the function of the immune system, a major bodily function. 42 U.S.C. § 12102; 28 C.F.R. §§ 36.105(b)(2), (d)(2)(iii)(J).

4. The United States alleges that on or about June 13, 2016, Complainant contacted

1

Defendant's office to make an appointment for an annual preventative care visit, including a Pap smear, but the office receptionist informed Complainant that Defendant could not see Complainant because Complainant has HIV.

5. The United States further alleges that Defendant discriminated against Complainant on the basis of disability by denying Complainant the ability to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant's office by refusing to provide preventative and gynecological care, in violation of 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202(a).

6. Dr. Jamaluddin denies that she has ever spoken with the Complainant, denies that she has engaged in a pattern or practice or has maintained a policy of discrimination against individuals in the provision of goods, services, facilities, privileges, advantages, or accommodations on the basis of HIV, and denies the allegations against her.

7. The United States and Defendant (collectively, "the Parties") agree that it is in the Parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms. Accordingly, in order to avoid additional cost and the uncertainty of litigation, the Parties agree to the entry of this Agreement without trial or further adjudication of any issues of fact or law raised in the United States' Amended Complaint in the above-captioned lawsuit ("the Complaint"). The Parties understand and agree that there has been no determination on the merits and that this Agreement does not constitute an admission of liability or wrongdoing on the part of Defendant, or an admission that the facts and circumstances alleged in the Complaint are true.

Accordingly, the parties hereby enter into this Agreement and the Court hereby APPROVES, ENTERS, AND ORDERS the following:

**II.     JURISDICTION AND VENUE**

    8.    This Court has jurisdiction over this action under 42 U.S.C. § 12188(b)(2) and 28 U.S.C. §§ 1331 and 1345.  The parties agree that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

    9.    The United States has the authority to bring this civil action to enforce Title III of the ADA under 42 U.S.C. § 12188(b)(1)(B).

    10.    Defendant owns and operates her office, which is a place of public accommodation within the meaning of Title III, 42 U.S.C. §§ 12181(7)(F), 12182(a); 28 C.F.R. § 36.104.

**III.     GENERAL INJUNCTIVE RELIEF**

    11.    Notwithstanding the releases of claims referred to in Paragraphs 16 and 38 below, Defendant shall comply with the requirements of Title III of the ADA, 42 U.S.C. § 12182, and its implementing regulation, 28 C.F.R. Part 36, and do the following:

    a.    Defendant shall not discriminate on the basis of disability, including HIV, in the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).  Defendant shall not discriminate on the basis of disability, including HIV, by denying individuals with disabilities the ability to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant's office.  42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a).

    b.    Defendant may refer an individual with a disability, including an individual with HIV, to another provider, if that individual is seeking, or requires, treatment or services outside of Defendant's area of specialization, and if,

in the normal course of its operations, Defendant would make a similar referral for an individual without a disability who seeks or requires the same treatment or services.  *See* 28 C.F.R. § 36.302(b).

## IV. NON-DISCRIMINATION POLICIES, PRACTICES, AND PROCEDURES; TRAINING; RECORD KEEPING AND REPORTING

12. Defendant has adopted a nondiscrimination policy to prohibit discrimination based on disability, including HIV, in the provision of treatment and services.  Within thirty (30) days after the Effective Date of this Agreement, Defendant shall distribute copies of this policy to all employees of Defendant's office (as well as to any new employees for the duration of this Agreement).  Defendant shall also conspicuously post the policy in the reception area of Defendant's office and as a link on Defendant's website, currently located at https://www.umaimasjamaluddinmd.com/, within thirty (30) days of the Effective Date of this Agreement and for the duration of this Agreement.  Within sixty (60) days after the Effective Date of this Agreement, Defendant and all employees of Defendant's office shall attend a training, for which Defendant shall bear the costs and which shall be given by a trainer or trainers whom the Parties agree on.  The training shall address the ADA, HIV and AIDS, and OB/GYN care.  The training shall be recorded and provided to any new employees who begin employment during the remainder of the term of this Agreement within thirty (30) days of their start date.

13. Within one hundred twenty (120) calendar days after the Effective Date of this Agreement, and then on the anniversary of the Effective Date of this Agreement every year thereafter for the remainder of the term of this Agreement, Defendant shall submit a report to the United States addressing, for the period since the previous report to the United States, the following:

    a. The date(s) of any trainings conducted pursuant to this Agreement, and an

4

assurance that Defendant and each employee of Defendant's office has attended a training;

b. Written notice regarding any current patient, prospective patient, or other individual ("patient") who has disclosed to Defendant or any employee of Defendant's office that they have HIV, or whose HIV-positive status Defendant or any employee of Defendant's office is otherwise aware of; for each such patient, a description of whether the patient received medical care from Defendant or any employee of Defendant's office or was referred to another medical provider; and copies of all documentation in the possession, custody, or control of Defendant regarding each such patient, with the patients' identifying information redacted. As set forth in Paragraph 22, the United States shall have the right to request unredacted copies of documents if necessary to monitor Defendant's compliance with this Agreement, and the dispute resolution provisions set forth in Paragraph 22 shall apply;

c. Written notice regarding any lawsuit, informal or formal complaint, grievance, or charge alleging that Defendant, Defendant's office, or Defendant's employees or agents have violated the ADA. Such notice shall include, at a minimum, a description of the allegation, the name of the individual making the allegation, and copies of all documentation in the possession, custody, or control of Defendant relevant to the allegation; and

d. Defendant's continued fulfillment of the obligations of Paragraph 12 of this Agreement.

14. Defendant need not comply with the obligations set forth in Paragraphs 11-13 above if she ceases practicing medicine. If, during the term of this Agreement, Defendant ceases and then resumes practicing medicine, Defendant must comply with the obligations set forth in Paragraphs 11-13 above. If Defendant ceases or resumes practicing medicine, Defendant (through counsel, if she is represented) shall notify counsel for the United States in writing, via email to Eliza.Dermody@usdoj.gov and Joy.Welan@usdoj.gov, within ten (10) business days of the change in status.

## V.  MONETARY RELIEF

15. Within fifteen (15) business days of the Effective Date of this Agreement, Defendant shall offer Complainant $37,500.00, subject to the conditions set forth in Paragraph 16 below, as sole payment for, and in full satisfaction of, any and all obligations to Complainant under this Agreement.

16. Within fifteen (15) business days of the Effective Date of this Agreement, Defendant shall notify Complainant of the individual relief offered to her under this Agreement by mailing to her at the address to be provided by the United States, by certified mail, return receipt requested, a Notice Letter and Release of Claims Form (attached as Exhibits 1 and 2 respectively), a postage pre-paid return envelope, and a copy of this signed Agreement. In order to accept the compensation offered by Defendant, within thirty (30) days of the Notice Letter (Exhibit 1) being received at the address provided by the United States, Complainant must execute the Release of Claims Form (Exhibit 2) and return an original executed paper copy of the signed Release of Claims Form to Defendant's attorney by overnight delivery or certified mail to LeBeau Thelen LLP, Attention: Thomas Feher, 5001 E. Commercenter Drive, Suite 300, Bakersfield, CA 93309. If Complainant fails to execute the Release of Claims Form and return it to Defendant within

thirty (30) days of receipt of the Notice Letter at the address to be provided by the United States, Defendant shall have no obligation to pay Complainant the compensation offered in the Notice Letter, and Defendant will be deemed to have complied with the obligations set forth in Paragraphs 18 and 19.

17. Defendant shall send the United States a copy of the Notice Letter and Release of Claims Form, via email to Eliza.Dermody@usdoj.gov and Joy.Welan@usdoj.gov, at the same time that they are sent to Complainant.

18. Within ten (10) business days of receipt of Complainant's signed Release of Claims Form, Defendant shall send the monetary sum specified in Paragraph 15 to Complainant, via overnight delivery or certified mail, by check representing good funds.

19. Within ten (10) business days of sending the monetary sum specified in Paragraph 15 to Complainant, Defendant shall send the United States, via email to Eliza.Dermody@usdoj.gov and Joy.Welan@usdoj.gov, proof of payment of the monetary sum specified in Paragraph 15 to Complainant.

## VI. CIVIL PENALTY

20. Within ten (10) business days of the Effective Date of this Agreement, Defendant shall pay a civil penalty to the United States in the amount of $5,000.00, as authorized by 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3). This payment shall be made by electronic funds transfer pursuant to instructions to be provided by the United States.

## VII. IMPLEMENTATION

21. <u>Delivery of Materials</u>: All materials sent to the United States pursuant to this Agreement shall be sent by email to Eliza.Dermody@usdoj.gov and Joy.Welan@usdoj.gov (or to any other email address that the United States designates during the term of this Agreement). The

email shall include a subject line referencing Dr. Jamaluddin and DJ No. 202-11E-191.

22. <u>Enforcement</u>: The United States may review Defendant's compliance with this Agreement at any time and shall have the right to request a copy of any documents that are necessary to monitor Defendant's compliance with this Agreement. Unless otherwise specified in this Agreement, Defendant shall produce copies of the requested documents within thirty (30) days of a written request by the United States. If Defendant believes the United States' request is overbroad or unreasonable, Defendant may bring the matter to the Court for resolution. The parties shall endeavor in good faith to resolve informally any disputes concerning a request by the United States for information or documents under this Agreement, any differences regarding the interpretation of this Agreement, or any disputes concerning compliance with this Agreement, before bringing matters to the Court for resolution. If a dispute cannot be resolved informally, a Party shall provide at least thirty (30) days' written notice of any dispute or alleged breach of this Agreement before moving for review by the Court. In the event that either Party to this Agreement contends that there has been a breach or failure to perform under this Agreement and seeks judicial review, the prevailing party may seek to impose any remedy authorized by law or equity, including an order requiring performance of such act, and/or an award of any damages, costs, and reasonable attorneys' fees related thereto.

23. <u>Retention of Jurisdiction</u>: During the term of this Agreement, this Court shall retain jurisdiction over this action to enforce the terms of the Agreement, including resolving any disputes, issuing any orders necessary to implement the relief provided for in this Agreement, or extending the term of the Agreement.

24. <u>Severability</u>: If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement will nonetheless remain in full force and effect.

25. <u>Non-Waiver</u>: Failure by the United States to enforce any provision of this Agreement will not be construed as a waiver of the United States' right to enforce any provision of this Agreement.

26. <u>Extensions</u>: Any time limits for performance imposed by this Agreement may be extended only by the mutual written consent of the Parties or by Court order. With regard to any of the deadlines specified in this Agreement, Defendant shall notify the United States at least ten (10) business days before any deadline of an anticipated inability to meet the deadline and the reasons why and shall request an extension of time to a specific date.

27. <u>Successor Liability</u>: This Agreement shall be binding upon Defendant and any person under Defendant's authority or control, including her office, officers, agents, employees, contractors, successors, or assigns.

28. <u>Authority</u>: A signatory to this document in a representative capacity for Defendant represents that he or she is authorized to bind Defendant to this Agreement.

29. <u>Entire Agreement</u>: This Agreement, including its attachments, constitutes the entire agreement between the United States and Defendant on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this Agreement, including its attachments, is enforceable.

30. <u>Limitation</u>: This Agreement is limited to resolving claims under Title III of the ADA related to the facts specifically set forth above and in the Complaint in the above-captioned lawsuit. Nothing in this Agreement relates to other provisions of the ADA or affects Defendant's obligations to comply with any other law not addressed in this Agreement or the above-captioned lawsuit, including those relating to nondiscrimination against individuals with disabilities. This Agreement does not affect Defendant's responsibility to comply with all applicable provisions of

the ADA.

31.     Counterparts: This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same Agreement, notwithstanding that each Party is not a signatory to the original or the same counterpart.

32.     Effective Date: The Effective Date of this Agreement shall be the date that the Court approves and enters the Agreement or issues electronic notification that it has done so, whichever is later.  Unless otherwise specified, all time periods designated for an action run from the Effective Date.

33.     Term: This Agreement shall terminate, and this action shall be dismissed without further order of this Court, three (3) years from the Effective Date of this Agreement.

34.     Publicity: This Agreement and any amendment hereto shall be public documents. A copy of this Agreement or any information contained herein may be made available to any person.

35.     Litigation Hold: The parties agree that, as of the date of entry of this Agreement, litigation is not "reasonably foreseeable" concerning the matters alleged in the complaint and described in this Agreement.  To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to these matters, the party is no longer required to maintain such a litigation hold.  Nothing in this paragraph relieves either party of any other obligations imposed by this Agreement.

36.     Records: For the term of this Agreement, Defendant shall preserve all records related to this Agreement.

37.     Costs and Fees: The United States and Defendant shall bear the cost of their own

fees and expenses incurred in connection with this Agreement.

38. <u>Consideration</u>: This Agreement fully and finally resolves the Complaint in DJ No. 202-11E-191, filed by the Complainant against Defendant. Except as described in Paragraph 22, the United States releases and will take no further action against Defendant arising out of the facts alleged in the Complaint in DJ No. 202-11E-191 or the facts alleged in the Complaint in the above-captioned lawsuit. The parties agree and acknowledge that this consideration is adequate and sufficient.

SO ORDERED this \_\_\_23\_\_\_ day of \_\_\_\_March\_\_\_\_, 2022.

_____B. McAuliffe_____
Magistrate Judge
Eastern District of California

AGREED AND CONSENTED TO:

For Umaima Jamaluddin, M.D.:

_____
Umaima Jamaluddin, M.D.
100 W. Columbus Street Suite 200
Bakersfield, California 93301


Date __2/8/22__

**For the United States of America:**

| | |
|---|---|
| PHILLIP A. TALBERT<br>United States Attorney | REBECCA B. BOND<br>Chief<br>KATHLEEN P. WOLFE<br>Special Litigation Counsel<br>KEVIN J. KIJEWSKI<br>Deputy Chief |
| */s/ Geoffrey D. Wilson*<br>GEOFFREY D. WILSON<br>(CABN 238577)<br>Assistant United States Attorney<br>United States Attorney's Office<br>Robert E. Coyle United States Courthouse<br>2500 Tulare Street, Suite 4401<br>Fresno, CA 93721<br>Telephone: (559) 497-4000<br>Email: Geoffrey.Wilson@usdoj.gov | */s/ Eliza Dermody*<br>STEPHANIE M. BERGER<br>ELIZA DERMODY<br>(CABN 255095)<br>JOY LEVIN WELAN<br>Trial Attorneys<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. – 4CON<br>Washington, DC 20530<br>Telephone: (202) 305-5823<br>Email: Eliza.Dermody@usdoj.gov |
| February 14, 2022<br>Date | February 15, 2022<br>Date |

**Exhibit 1**

**NOTICE LETTER**

**BY OVERNIGHT MAIL**

[INSERT COMPLAINANT NAME AND ADDRESS]

  Re: *United States v. Umaima Jamaluddin, M.D.* (DJ No. 202-11E-191, Case No. 1:21-CV-00056):

Dear [COMPLAINANT]:

  The United States Department of Justice and Umaima Jamaluddin, M.D. (Defendant), have entered into a Consent Decree ("Agreement") to resolve *United States v. Umaima Jamaluddin, M.D.* (DJ No. 202-11E-191, Case No. 1:21-CV-00056).  A copy of the Agreement is enclosed.

  Under the Agreement, Defendant is offering you a payment of $37,500.00.

  In order to accept Defendant's offer, within thirty (30) days of this Notice Letter being received at the address provided by the United States, you must sign the enclosed Exhibit 2 (Release of Claims Form) and return an original executed paper copy of the signed Release of Claims Form by overnight delivery or certified mail to Defendant's attorney at the address below:

  LeBeau Thelen LLP
  Attention: Thomas Feher
  5001 E. Commercenter Dr., Suite 300
  Bakersfield, CA 93309

  If you fail to sign the Release of Claims Form and return it to Defendant's attorney within thirty (30) days of this Notice Letter being received at the address provided by the United States, Defendant shall have no obligation to pay you the $37,500.00 being offered above.

  The payment is offered to you on the conditions set forth in the Release of Claims Form.  Within ten (10) business days of Defendant's receipt of your executed Release of Claims Form, Defendant will pay you $37,500.00 via check.

  If you have any questions about this letter or the Agreement, you may contact me at (661) 325-8962, or you may contact Eliza Dermody of the Department of Justice at (202) 305-5823.

              Sincerely,

>Thomas Feher
>LeBeau Thelen LLP
>Counsel for Defendant

Enclosure:   Copy of Executed Consent Decree
                Release of Claims Form

cc:   Eliza Dermody, U.S. Department of Justice
      Joy Levin Welan, U.S. Department of Justice

**Exhibit 2**

**RELEASE OF CLAIMS FORM ("Release")**

<u>United States v. Umaima Jamaluddin, M.D.</u>
Case No. 1:21-CV-00056
DJ No. 202-11E-191

  For and in consideration of the payment made by Umaima Jamaluddin, M.D. ("Dr. Jamaluddin"), under the provisions of the Consent Decree entered into by, and between, the United States and Umaima Jamaluddin, M.D., regarding DJ No. 202-11E-191, Case No. 1:21-CV-00056 (E.D. Cal.) ("the Agreement"):

  I _____, hereby release and forever discharge Dr. Jamaluddin, her professional office, and her and her office's current, past, and future officials, employees, agents, successors, assigns, administrators, representatives, owners, shareholders, heirs, and principals, of and from any legal and equitable claims, actions, causes of action, suits, controversies, damages, and demands whatsoever that I have arising out of the facts alleged in DJ No. 202-11E-191, Case No. 1:21-CV-00056 (E.D. Cal.).

  This Release constitutes the entire agreement between me and Dr. Jamaluddin, without exception or exclusion, and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this Release, is enforceable. This Release shall be considered null and void in the event that Dr. Jamaluddin fails to offer the payment provided for in Paragraphs 15-19 of the Agreement. I understand and agree that neither this Release nor the Agreement constitutes an admission of liability or wrongdoing, or an admission that the facts and circumstances alleged in the Complaint in *United States v. Umaima Jamaluddin, M.D.*, Case No. 1:21-CV-00056 (E.D. Cal.), are true.

  I hereby waive, in connection with this Release, the benefit of the provisions of California Civil Code § 1542, which reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

  I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed. I acknowledge that a copy of the Agreement has been made available to me. By signing this Release, I also acknowledge that I have been provided the opportunity to review the same with an attorney of my choosing.

Signed this _____ day of _____, 2022.


_____
[NAME]